**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 11-2385-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Stephen M. Kerr; Michael Quiel; ) Christopher M. Rusch, ) | |
| Defendants. ) | |

Pending before the Court is Defendants Quiel and Kerr's Joint Motion for Production of Special Agent's Report (Doc. 100). The Court now rules on the Motion.[1]

**I.   BACKGROUND**

On December 8, 2011, Stephen Kerr ("Kerr"), Michael Quiel ("Quiel"), and Christopher M. Rusch ("Rusch") (collectively, "Defendants") were indicted for conspiracy to defraud the United States pursuant to 18 U.S.C. § 371. Both Kerr and Quiel were charged separately with two counts of willful failure to file Reports of Foreign Bank and Financial Accounts ("FBARs") in violation of 31 U.S.C. § 5314 and § 5322(a), as well as two counts of willful filing of false returns for tax years 2007 and 2008 in violation of 26 U.S.C. §

---

[1] Because the issues have been fully briefed, the Court denies Defendants' request for oral argument as it would not aid the Court's decisional process. See *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

7206(1). *See* Doc. 3.

During the course of the investigation of Defendants, Internal Revenue Service Agent Lisa Giovannelli prepared a Special Agent Report (the "Special Agent Report") relating to the investigation. During discovery, the Government produced all documents in the Government's possession "that had been received pursuant to grand jury subpoena [sic], tax returns and Internal Revenue Service documentation, and memoranda of interviews and grand jury transcripts for prospective witnesses." Doc. 101 at 2. The Government did not include, as part of the discovery, the Special Agent Report "or other internal memoranda or reports authored by the investigating agents or attorneys." Doc. 101 at 2. Defendants Quiel and Kerr now move the Court for an order directing the Government to disclose the Special Agent Report.

## II. LEGAL STANDARD

"[A] defendant is not entitled to know all the *evidence* the government intends to produce, but only the *theory* of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (emphasis in original) (further holding, "[The defendant] is not entitled to know the content of the testimony of each of the government witnesses before trial."). However, Government disclosure of exculpatory evidence is required by *Brady v. Maryland*, 373 U.S. 83 (1963), and disclosure of other information is required by the *Jencks Act*, 18 U.S.C. § 3500. Federal Rule of Criminal Procedure 16 also provides additional discovery rights.

Federal Rule of Criminal Procedure 16 provides, in relevant part,

> Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Fed. R. Crim. P. 16(a)(2). Pursuant to the *Jenckes Act*, 18 U.S.C. § 3500,

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which

- 2 -

> was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.
>
> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

18 U.S.C.A. § 3500(a)(b).

### III.  ANALYSIS

Defendants argue that the Special Agent's Report should be disclosed because in "nearly every case the Special Agent's Report contains exculpatory information and/or significant *Jencks Act* material." (Doc. 100 at 1). Defendants further argue that they need the Special Agent's Report to determine if the Special Agent is a potential witness and "going to trial without notice of the government's method of proof is a violation of due process." (Doc. 100). In the alternative, Defendants request a Bill of Particulars or that the Court conduct an in camera review of the Special Agent's Report.

In Response, the Government argues that, pursuant to Federal Rule of Criminal Procedure 16 and the *Jencks Act*, 18 U.S.C. § 3500, it is not required to disclose the Special Agent's Report unless and until the Special Agent is called to testify on direct examination. Further, the Government acknowledges its obligation to provide disclosure of internal memoranda and reports if they contain *Brady* material.[2] The Government argues that requiring disclosure of the Special Agent's Report amounts to allowing Defendants to have an unauthorized preview of the Government's theory of the case and the evidence it intends

---

[2] In Reply in Support of its Motion to Produce, Defendants appear to argue that the Government disavowed any obligation to produce *Brady* and *Jencks Act* material. The Court disagrees. The Government has acknowledged its disclosure obligations and Defendant has presented no evidence that the Government is failing to comply with those obligations by withholding *Brady* material from Defendants.

- 3 -

1 to present in support of that theory. The Government opposes Defendants' alternative
2 request for in camera review because Defendants have not articulated any reasons why the
3 Court should conduct such review or what information the Court would review. Defendants
4 contend that the charges, as outlined in the Indictment, are sufficient to address the
5 Defendants' due process rights.

6 It is clear that the Government is not required to produce the Special Agent's Report
7 unless the Report contains *Brady* material or material not otherwise disclosed under Federal
8 Rule of Criminal Procedure 16(a)(1), until the Special Agent is called to testify on direct
9 examination in the Government's case. As discussed above, Defendants have failed to make
10 any showing that the Government is withholding *Brady* material from them such that the
11 Court would find an in camera review of the Special Agent's Report necessary.

12 In their Reply in Support of their Motion to Produce, Defendants argue that statements
13 of Defendants, if any, will be in the Special Agent's Report, and Defendants should not be
14 required to search through the "quagmire of materials" already disclosed to them to
15 determine if any such statements exist. Again, Defendants have failed to show that the
16 Government is withholding any material from them and have failed to cite to any legal
17 authority entitling them to discovery of additional materials that might be more conveniently
18 organized than that already provided to them.

19 The Government asserts that it does not anticipate that Special Agent Giovannelli will
20 be a witness for the Government. Defendants contend that, to avoid a continuance during
21 trial, the Government should be required to produce the Special Agent's Report before trial
22 if the Special Agent is going to testify at trial. The Court agrees.

23 Accordingly, each party shall file a witness list of all witnesses expected to be called
24 as witnesses at trial on or before February 13, 2013. If Special Agent Giovannelli is listed
25 as a witness on the Government's Witness list, the Government shall disclose Special Agent
26 Giovannelli's Report on or before February 13, 2013.

27 **IV.    CONCLUSION**
28        Accordingly,

- 4 -

1  **IT IS ORDERED** that Defendants Quiel and Kerr's Joint Motion for Production of
2  Special Agent's Report (Doc. 100) is granted in part and denied in part as forth herein.

3  **IT IS FURTHER ORDERED** that each party shall either (1) file a witness list of all
4  witnesses expected to be called as witnesses at trial on or before February 25, 2013 or (2)
5  submit such witness list to the Chamber's email address[3] with a copy to opposing counsel by
6  February 25, 2013.

7  **IT IS FINALLY ORDERED** that, if Special Agent Giovannelli is listed as a witness
8  on the Government's Witness list, the Government shall disclose Special Agent
9  Giovannelli's Report on or before February 25, 2013.

10  DATED this 2nd day of October, 2012.

James A. Teilborg
United States District Judge

---

[3] teilborg_chambers@azd.uscourts.gov.