WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Stephen M. Kerr, et al.,<br><br>                Defendants. | No. CR-11-02385-002-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Quiel's Motion to Supplement the Record (Doc. 394), Defendant Kerr's Notice of Joinder to Defendant Quiel's Motion to Supplement the Record (Doc. 395), Defendant Quiel's Motion to Supplement the Record (Doc. 396), and Defendant Kerr's Notice of Joinder to Defendant Quiel's Second Motion to Supplement the Record (Doc. 397). The Court now rules on the motions.

**I.     Background**

The Court has previously recounted the facts of this case:

> In the Indictment (Doc. 3), Kerr was charged with Conspiracy to Defraud the United States (Count 1), Willful Subscription to False Individual Tax Returns for 2007 and 2008 (Counts 2 and 3), and Failure to File Foreign Bank and Financial Accounts (FBARs) for 2007 and 2008 (Counts 6 and 7). Count 1 charged Kerr, Quiel, and Christopher Rusch ("Rusch"), their former attorney, with conspiring to establish companies and bank accounts in Switzerland to move money out of the United States and defraud the IRS. Counts 2 and 3 charged Kerr with intentionally omitting income from the foreign accounts on his 2007 and 2008 tax returns and intentionally failing to mark the box in Schedule B indicating an interest in a foreign bank account. Counts 6 and 7 charged Kerr with willfully failing to file FBARs to report his interest in the foreign accounts. On April 11, 2013, a jury acquitted

> Kerr of Count 1, and convicted him of Counts 2, 3, 6, and 7. . . .
>
> Quiel was charged with Conspiracy to Defraud the United States (Count 1), Willful Subscription to False Individual Tax Returns for 2007 and 2008 (Counts 4 and 5), and Failure to File FBARs for 2007 and 2008 (Counts 8 and 9). Count 1 charged Kerr, Quiel, and Rusch with conspiring to establish companies and bank accounts in Switzerland to move money out of the United States and defraud the IRS. Counts 4 and 5 charged Quiel with intentionally omitting income from the foreign accounts on his 2007 and 2008 tax returns and intentionally failing to mark the box in Schedule B indicating an interest in a foreign bank account. Counts 8 and 9 charged Quiel with willfully failing to file FBARs to report his interest in the foreign accounts. On April 11, 2013, a jury acquitted Quiel of Count 1, and convicted him of Counts 4 and 5.

(Doc. 346 at 1-2). On September 24, 2013, Quiel and Kerr ("Defendants") appealed their convictions to the Ninth Circuit Court of Appeals ("Court of Appeals") (Doc. 372; Doc. 375). Quiel filed his first motion to supplement the record on October 18, 2013, and his second motion on October 22, 2013. (Doc. 394; Doc. 396). Kerr has joined in both motions. (Doc. 395; Doc. 397).

## II.   Motions to Supplement the Record

Quiel and Kerr ask this Court to supplement the record with documents that they allege tend to show that the third defendant in the case, Christopher Rusch, entered into secret agreements with the government by which Rusch could continue to provide international tax advice. (Doc. 394 at 2-4; Doc. 396 at 1-5). The legal basis for their request is the Court's inherent authority to supplement a record, or alternatively Federal Rule of Appellate Procedure ("FRAP") 10(e). (Doc. 394 at 4; Doc. 396 at 5).

Contrary to Defendants' contention, the Court has no inherent authority to supplement the record after the filing of a notice of appeal. "As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). There are a limited number of exceptions to this general rule, namely to correct clerical errors or clarify a judgment pursuant to Federal Rule of Civil Procedure 60, supervising the status

quo during the pendency of an appeal, or when specified by statute. *Id.* No such exception applies in this case. Defendants' filings of notices of appeal on September 24, 2013 divested the Court of jurisdiction with respect to "those aspects of the case involved in the appeal." *See Stein*, 127 F.3d at 1189. Courts' inherent powers "are those which 'are necessary to the exercise of all others.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) (quoting *United States v. Hudson*, 11 U.S. (7 Cranch) 32, 34 (1812)). Because the Court has no jurisdiction over this case, it has no inherent powers to supplement the record.

Defendants' alternative reliance upon FRAP 10(e) is unpersuasive. The rule provides two narrow methods by which a district court may correct the record transmitted to the Court of Appeals:

> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>
> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:  . . . (B) by the district court before or after the record has been forwarded; . . . .

Fed. R. App. P. 10(e). "All other questions as to the form and content of the record must be presented to the court of appeals." *Id.* 10(e)(3).

"It is a basic tenet of appellate jurisprudence . . . that parties may not unilaterally supplement the record on appeal with evidence not reviewed by the court below." *Lowry v. Barnhart*, 329 F.3d 1019, 1024-25 (9th Cir. 2003). As FRAP 10(e) clearly states, only the Court of Appeals has the authority to consider a request to supplement the record with evidence not presented to the district court. *See Nat'l Ass'n for Advancement of Multijurisdiction Practice v. Ariz. Supreme Court*, 2013 WL 5718962, at *2 (D. Ariz. 2013) (holding that a request to supplement the record with materials not reviewed by the court "should be directed to the Ninth Circuit Court of Appeals"). Defendants have not shown that their proposed evidence was "omitted from or misstated in the record by error

or accident." *See* Fed. R. App. P. 10(e)(2). Indeed, Defendants' stated purpose in seeking to add this evidence to the record is precisely because it was not before the Court at the time of trial or sentencing. *See* (Doc. 394 at 3). This request is appropriately directed to the Court of Appeals, and this Court lacks jurisdiction to consider it.[1]

**III.  Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Defendant Quiel's Motion to Supplement the Record (Doc. 394) and Defendant Quiel's Motion to Supplement the Record (Doc. 396) are denied.[2]

Dated this 16th day of May, 2014.

James A. Teilborg
Senior United States District Judge

---

[1] Defendants cite several cases in support of their contention that this Court has authority to supplement the record. (Doc. 394 at 4; Doc. 396 at 5). Each of these cases are distinguishable. *See Cruz v. Astrue*, 2012 WL 3011491, at *1 (D. Ariz. July 23, 2012) (remarking that 42 U.S.C. § 405(g) provided the court with the authority to order the Commission of Social Security to supplement the record); *LimoStars, Inc. v. N.J. Car & Limo, Inc.*, 2011 WL 3471092, at *3 n.5 (D. Ariz. Aug. 8, 2011) (noting that a district court may order the record supplemented for the purpose of obtaining accurate information when ruling on pending motions); *Mangini v. United States*, 314 F.3d 1158, 1160-61 (9th Cir.) (noting that the Court of Appeals had in a separate order granted a motion to supplement the record on appeal "to correct a material misstatement in the record"), *amended by* 319 F.3d 1079 (9th Cir. 2003).

[2] Because Kerr joined in these motions, they are denied with respect to Kerr as well.

- 4 -